David M. Freeman, Esq.
Email: dfreeman@hwb-law.com

Attorneys for Defendant/Third-Party Use-Plaintiff and Plaintiff Tester Drilling Services, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA for the use and benefit of PRECISION CRANES, INC., an Alaska corporation,

        Plaintiff,

    v.

TESTER DRILLING SERVICES, INC., an Alaska corporation; TRAVELERS CASUALTY AND SURETY CO. OF AMERICA, a Connecticut corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation (Bond #106721293),

        Defendants.

UNITED STATES OF AMERICA, for the use and benefit of TESTER DRILLING SERVICES, INC., an Alaska corporation, and TESTER DRILLING SERVICES, INC.,

        Third-Party Use-Plaintiff and Plaintiff,

    v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation (Bond No. 106721293/023038282), LIBERTY MUTUAL INSURANCE COMPANY, a Connecticut corporation (Bond No. 106721293/023038282), and UNIT-ASRC CONSTRUCTION, LLC, an Alaska limited liability company,

        Third-Party Defendants.

Case No. 4:18-cv-00019-TMB

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

TDSI'S ANSWER TO PLAINTIFF'S COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST SURETIES AND UNIT-ASRC CONSTRUCTION, LLC
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*
Case No. 4:18-cv-00019-TMB

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

## DEFENDANT TESTER DRILLING SERVICES, INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW defendant Tester Drilling Services, Inc. ("TDSI"), by and through its attorneys, Holmes Weddle & Barcott, P.C., and for its response to the complaint of plaintiff Precision Cranes, Inc. ("Precision"), hereby answers, alleges, and states as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Admit.

2. Regarding the allegations set forth in this paragraph, TDSI states that it lacks sufficient information to admit or deny the allegations and therefore denies the same.

3. Admit.

4. Admit.

5. Admit.

6. Denied.

7. Denied.

### II. STATEMENT OF FACTS

8. TDSI realleges and incorporates by reference each and every response to the allegations set forth in paragraphs 1 – 7.

9. Admit.

10. Regarding the allegations set forth in this paragraph, those allegations do not apply to TDSI and therefore no response is required.

11. Admit.

12. Regarding the allegations set forth in this paragraph, TDSI admits the allegations

TDSI'S ANSWER TO PLAINTIFF'S COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST SURETIES AND UNIT-ASRC CONSTRUCTION, LLC
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*
Page 2 of 12
Case No. 4:18-cv-00019-TMB
Case 4:18-cv-00019-TMB   Document 29   Filed 05/03/19   Page 2 of 12

in the first sentence and states that with regard to the allegations in the second sentence the referenced subcontract speaks for itself and therefore no response is required, and admits that Exhibit 2 is attached to the complaint.

13. Regarding the allegations set forth in this paragraph, TDSI admits that Precision provided certain equipment, labor, services, and materials to the Project, but denies the implication that TDSI correspondingly owes money to Precision. To the extent not otherwise admitted, TDSI denies the allegations in this paragraph.

14. Regarding the allegations set forth in this paragraph, TDSI has billed for Precision's work to the Project's prime contractor, UNIT, and UNIT refuses to pay for it on the basis that it "contributed no value to the project." Despite demand, UNIT has thus far not disclosed in what regard Precision's work failed to conform to contract requirements or otherwise did not qualify for payment. In addition, TDSI lacks information regarding whether UNIT has billed the project owner for Precision's work, and if so whether the owner likewise maintains that Precision's work does not conform to contract requirements or otherwise qualify for payment. On the basis of UNIT's declaration that Precision's work does not qualify for payment, and for lack of information regarding the owner's determination of whether Precision's work qualifies for payment, as well as TDSI's own observations regarding the work activities of Precision on the Project, TDSI denies the allegations set forth herein.

15. The allegations set forth in this paragraph do not apply to TDSI and therefore no response is required.

16. The allegations set forth in this paragraph do not apply to TDSI and therefore no response is required.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

TDSI'S ANSWER TO PLAINTIFF'S COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST SURETIES AND UNIT-ASRC CONSTRUCTION, LLC
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*
Page 3 of 12
Case No. 4:18-cv-00019-TMB
Case 4:18-cv-00019-TMB   Document 29   Filed 05/03/19   Page 3 of 12

17. The allegations set forth in this paragraph do not apply to TDSI and therefore no response is required.

18. Denied.

19. Denied.

### III.   CAUSES OF ACTION

#### COUNT I
#### PAYMENT BOND CLAIM

20. TDSI realleges and incorporates by reference each and every response to the allegations set forth in paragraphs 1 – 19.

21. The allegations in this paragraph call for a legal conclusion and therefore do not require a response. To the extent a response is required, the allegations do not apply to TDSI and therefore do not require a response.

22. Regarding the allegations set forth in this paragraph, those allegations do not apply to TDSI and therefore no response is required.

23. The allegations in this paragraph call for a legal conclusion and therefore do not require a response, and these allegations do not apply to TDSI and therefore no response is required.

24. The allegations set forth in this paragraph do not apply to TDSI and therefore no response is required.

25. Regarding the allegations set forth in this paragraph, TDSI admits that payment has not been made to Precision and further states that the reasons, in part, are those described in TDSI's response to paragraph 14 above.

26. The allegations set forth in this paragraph do not apply to TDSI and therefore no

TDSI'S ANSWER TO PLAINTIFF'S COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST SURETIES AND UNIT-ASRC CONSTRUCTION, LLC
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*
Page 4 of 12

Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 29   Filed 05/03/19   Page 4 of 12

response is required.

## COUNT II
## BREACH OF EXPRESS CONTRACT

27. TDSI realleges and incorporates by reference each and every response to the allegations set forth in paragraphs 1 – 26.

28. The allegations set forth in this paragraph refer to the subcontract which speaks for itself and therefore no response is required.

29. Regarding the allegations set forth in this paragraph, TDSI denies those allegations and restates and realleges its response to the allegations in paragraph 14 above.

30. Denied.

31. Denied.

## COUNT III
## VIOLATION OF ALASKA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT (AS 45.50.471 et seq.)

32. TDSI realleges and incorporates by reference each and every response to the allegations set forth in paragraphs 1 – 31.

33. The allegations set forth in this paragraph do not apply to TDSI and therefore no response is required, and the allegations call for a legal conclusion to which no response is required.

34. The allegations set forth in this paragraph do not apply to TDSI and therefore no response is required, and the allegations call for a legal conclusion to which no response is required.

35. The allegations set forth in this paragraph do not apply to TDSI and therefore no response is required, and the allegations call for a legal conclusion to which no response is

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

TDSI'S ANSWER TO PLAINTIFF'S COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST SURETIES AND UNIT-ASRC CONSTRUCTION, LLC
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*
Page 5 of 12
Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 29   Filed 05/03/19   Page 5 of 12

required.

36. The allegations set forth in this paragraph do not apply to TDSI and therefore no response is required, and the allegations call for a legal conclusion to which no response is required.

37. The allegations set forth in this paragraph do not apply to TDSI and therefore no response is required, and the allegations call for a legal conclusion to which no response is required.

## IV. AFFIRMATIVE DEFENSES

1. Precision's complaint fails to state a claim against TDSI upon which relief may be granted.

2. Neither the project's prime contractor, Unit-ASRC, nor the project's owner, U.S. Army Corps of Engineers, have determined whether Precision's work on the project qualifies for payment.

3. To the extent Precision's work does not qualify for payment, said lack of qualification is due to the negligence of Precision.

4. Precision's claims are barred by the disputes provision (Section 19) of the subcontract between the parties hereto.

5. Precision's claims are barred by Precision's failure to mitigate.

6. TDSI is entitled to an offset or set off against any amounts determined to be due to Precision.

7. TDSI denies that it owes Precision the amount claimed due in the complaint or any lesser or greater amount.

TDSI'S ANSWER TO PLAINTIFF'S COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST SURETIES AND UNIT-ASRC CONSTRUCTION, LLC
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*

Page 6 of 12

Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 29   Filed 05/03/19   Page 6 of 12

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

8. TDSI reserves the right to amend these affirmative defenses as additional facts are developed through discovery.

## V. PRAYER FOR RELIEF

WHEREFORE, TDSI requests the following relief as against Precision's demands:

A. For a judgment dismissing Precision's complaint in its entirety, with prejudice;

B. For a judgment awarding TDSI its costs and attorneys' fees incurred in defense of Precision's claims;

C. For any such other and further relief as the court may deem just and equitable in the premises.

## THIRD-PARTY COMPLAINT AGAINST THE SURETIES AND UNIT-ASRC CONSTRUCTION, LLC

Third-party plaintiff United States of America, for the use and benefit of Tester Drilling Services, Inc. (hereinafter "Use-Plaintiff" and/or "TDSI"), and third-party plaintiff Tester Drilling Services, Inc. ("TDSI"), hereby complain and assert claims against defendants Travelers Casualty & Surety Co. of America, and Liberty Mutual Insurance Company (collectively, "Bond Companies"), and UNIT-ASRC Construction, LLC ("UNIT"), as follows to recover payment for TDSI's work and to assert liability and allocation of fault against Bond Companies and UNIT if it is determined that TDSI is in any way liable to Precision:

## I. PARTIES AND THE PROJECT

1. TDSI was a subcontractor on the federal Long Range Discrimination Radar (LRDR) Construction Packet #1 Project (the Project), a federal construction project located on Clear Air Force Station, Alaska. TDSI performed substantial amounts of work on the Project for which TDSI remains unpaid. TDSI brings this third-party action against Bond Companies,

TDSI'S ANSWER TO PLAINTIFF'S COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST SURETIES AND UNIT-ASRC CONSTRUCTION, LLC
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*
Page 7 of 12

Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 29   Filed 05/03/19   Page 7 of 12

the sureties for the Project's Miller Act payment bond, and against UNIT, the co-obligor on the bond.

2. TDSI is an Alaska corporation with its principal place of business in Anchorage, Alaska. TDSI has met all prerequisites for bringing this action.

3. On information and belief, Travelers Casualty & Surety Co. of America is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

4. On information and belief, Liberty Mutual Insurance Co. is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

5. On information and belief, UNIT is an Alaska limited liability company with its principal place of business in Anchorage, Alaska.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over Bond Companies and UNIT as co-obligors on the bond that TDSI seeks to recover from in accordance with 40 U.S.C. § 3133 (the Miller Act).

7. This Court also has supplemental jurisdiction over all non-Miller Act claims in accordance with 28 U.S.C. § 1367 as such claims are derived from common operative facts and form part of the same case or controversy as the Miller Act claim—most notably that TDSI provided work to the Project under its contract with Unit for which TDSI has not been paid.

8. Venue properly lies in the United States District Court for the District of Alaska in accordance with 40 U.S.C. § 3133(b)(3) and 28 U.S.C. § 1391(b) as the claims in this action arise from the Project located on Clear Air Force Station, Alaska.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

TDSI'S ANSWER TO PLAINTIFF'S COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST SURETIES AND UNIT-ASRC CONSTRUCTION, LLC
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*

Page 8 of 12

Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 29   Filed 05/03/19   Page 8 of 12

## III. FACTS

9. The United States, acting through the U.S. Army Corps of Engineers (the Government), contracted with UNIT to build the Project. UNIT, as the prime contractor, purchased a payment bond from Bond Companies (bond no. 106721293/023038282) (the Bond) in accordance with 40 U.S.C. § 3131 of the Miller Act to secure payment for work performed in the course of building the Project. Under the terms of the Bond, UNIT and Bond Companies bound themselves "jointly and severally" as co-obligors on the Bond for the payment of the Bond's penal sum.

10. UNIT subcontracted with TDSI to perform certain Water-Supply Well Construction work on the Project.

11. TDSI furnished equipment, labor, and materials in carrying out its work as a subcontractor on the Project. By letter of October 16, 2017, UNIT terminated TDSI's subcontract for UNIT's convenience. TDSI has not been paid for a significant portion of this work.

12. More than 90 days have elapsed since TDSI performed the last of its work on the Project. And less than one year has elapsed since TDSI's last work at the Project. TDSI remains unpaid for the work it performed at the Project, as alleged herein.

13. As of the time of the initiation of this third-party action, there remains due and owing to TDSI for its work at the Project and from UNIT's termination of TDSI's subcontract for UNIT's convenience in the principal amount of no less than $3,164,467.88.

## IV. TDSI'S CLAIM AGAINST BOND COMPANIES AND UNIT UNDER THE MILLER ACT

14. The above allegations are repeated and adopted as if fully set forth here.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

TDSI'S ANSWER TO PLAINTIFF'S COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST SURETIES AND UNIT-ASRC CONSTRUCTION, LLC
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*
Page 9 of 12
Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 29   Filed 05/03/19   Page 9 of 12

15. TDSI is entitled under the Miller Act (40 U.S.C. §§ 3131-34) to pursue this action against the Bond for the full and final amount due to TDSI for its unpaid balance.

16. UNIT and Bond Companies are the principal and secondary obligors, respectively, under the Bond and are jointly and severally liable for payment of the Bond's penal sum.

17. The Miller Act entitles TDSI to collect against the Bond an amount to be proven at trial, but no less than $3,164,467.88, plus all interest, costs, and fees recoverable in accordance with applicable law.

### V. TDSI'S CLAIMS AGAINST UNIT UNDER THE SUBCONTRACT (BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, UNJUST ENRICHMENT, AND EQUITABLE ESTOPPEL)

18. The above allegations are repeated and adopted as if fully set forth here.

19. Despite demand, UNIT refuses to pay TDSI amounts owing under the termination for convenience provision of the parties' subcontract.

20. Those provisions entitle TDSI to judgment against UNIT in an amount to be proven at trial, but no less than $3,164,467.88, plus all interest, costs, and fees recoverable in accordance with applicable law.

21. Alternatively, Unit induced TDSI into providing labor, materials, and equipment for the performance of work on the Project, the results of which Unit has absorbed into its own work on the Project, and for which Unit refuses to pay. TDSI is entitled to the reasonable value of the labor, materials, and equipment it was induced to provide to Unit, in an amount to be proven at trial, but no less than $3,164,467.88, plus all interest, costs, and fees recoverable in accordance with applicable law.

TDSI'S ANSWER TO PLAINTIFF'S COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST SURETIES AND UNIT-ASRC CONSTRUCTION, LLC
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*
Page 10 of 12
Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 29   Filed 05/03/19   Page 10 of 12

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

## VI. PRAYER FOR RELIEF

WHEREFORE, TDSI requests the following relief from the Court:

A. For a judgment against Bond Companies and UNIT jointly and severally as co-obligators on the Bond, in an amount to be proved at trial, but no less than $3,164,467.88, plus all interest, costs, and fees recoverable in accordance with the Miller Act and all other applicable law; and;

B. Pre- and post-judgment interest costs, and attorney fees; and

C. For a judgment against the Bond Companies and UNIT allocating fault and finding liability for any and all amounts which may be adjudged against TDSI as a result of Precision's claims.

D. For any such other and further relief as the court may deem just and equitable in the premises.

DATED this 3rd day of May, 2019, at Anchorage, Alaska.

HOLMES WEDDLE & BARCOTT, P.C.
Attorneys for Defendant/Third-Party Plaintiff Tester Drilling Services, Inc.

By: s/ David M. Freeman
David M. Freeman
AK Bar No. 7808066

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

TDSI'S ANSWER TO PLAINTIFF'S COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST SURETIES AND UNIT-ASRC CONSTRUCTION, LLC
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*
Page 11 of 12
Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 29   Filed 05/03/19   Page 11 of 12

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day
of May, 2019, a true and correct copy of the
foregoing was sent via the CM/ECF delivery system to:

Brent R. Cole
Woelber & Cole, LLC
*Attorney for Plaintiff*

Michael C. Geraghty
J. Craig Rusk
Oles Morrison Rinker & Baker, LLP
*Attorneys for Defendant Travelers Casualty and Surety Co. of America
and Defendant Liberty Mutual Insurance Co.*


s/ David M. Freeman
Holmes Weddle & Barcott, P.C.

TDSI'S ANSWER TO PLAINTIFF'S COMPLAINT AND THIRD-PARTY COMPLAINT AGAINST SURETIES AND UNIT-ASRC CONSTRUCTION, LLC
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*

Page 12 of 12

Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 29   Filed 05/03/19   Page 12 of 12

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657