IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States fbo Precision Cranes, Inc. v. Tester Drilling Svcs., Inc., et al.*
Case No. 4:18-cv-00019-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>: ORDER FROM CHAMBERS

## SCHEDULING AND PLANNING ORDER

I. **Meeting of the Parties.**

Based upon information available to the Court through a Scheduling & Planning Conference Report[1] completed by the parties pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and, if one was held, the scheduling and planning conference, this order for the pretrial development of the case is entered pursuant to Fed. R. Civ. P. 16(b).

II. **Disclosures.**

Discovery shall be conducted in accordance with Fed. R. Civ. P. 26 through 37, D.Ak. LR 30.1, 32.1, 37.1, any other applicable Local Rules, and the discovery plan contained in the status report of the parties except that the requirements of Fed. R. Civ. P. 26(f)(3)(A) shall apply to this case. Each party must contemporaneously prepare and maintain a written record of all disclosures and supplementation of disclosures or responses made to requests for discovery under Fed. R. Civ. P. 26(a) and (e). Unless required in support of a motion or by order of the Court, disclosures and supplemental disclosures are not to be filed with the Court.

A. **Initial Disclosures / Preliminary Witness Lists.**
1. **Disclosures.** The information required by Fed. R. Civ. P. 26(a)(1) has been exchanged by the parties.
2. **Preliminary Witness Lists.** Preliminary witness lists shall be exchanged by the parties **on or before May 24, 2019.**
3. **Expert Witness Identification** shall be exchanged by the parties **on or before 60 days after the close of fact discovery.**

---

[1] Docket 28.

**III.     Contested Issues of Fact and Law**

Preliminarily, the parties have outlined the following expected issues for trial as of the date of the Report:

A. The terms of the contract between Tester and Precision.

B. Whether Precision Crane provided the services it was contracted to perform.

C. Whether Precision Crane materially breached its contract with Tester.

D. Whether Precision Crane provided services in accordance with the legal requirements to recover under the Miller Act.

E. Whether Precision Crane complied with the notice requirements to recover against the surety bonds in place on this job.

F. The extent of the damages sustained by Precision Crane.

G. The measure and nature of damages that Precision Crane can recover against the sureties under it subcontract, the terms of the bonds and applicable law.

H. Whether Precision Crane is entitled to recover against Tester and/or the sureties on its complaint allegations.

I. Whether Tester is entitled to a setoff or offset against the claims asserted by Precision Crane in its complaint allegations.

J. Whether there are other third-party entities which are liable to Tester if Tester is determined to be liable to Precisions Crane.

**IV.    Discovery Plan**

**A. Subject.** The parties have identified the following subjects of discovery as of the date of the Report: Liability, Damages, and the issues set forth above in Section III.

**B. Preservation**. There are no issues about preserving discovery information.

**C. Electronically Stored Information (ESI)**. There are no issues about disclosure or discovery of ESI and production.

**D. Claims of Privilege/Protection**. There is no indication that claims of privilege or of protection of trial preparation materials will be an issue.

**E. Expert Disclosures**. Disclosure of Expert Reports by all parties are due **on or before 90 days after the close of fact discovery.** Rebuttal reports are due on or before 30 days after the service of the report being rebutted.

F.  **Supplementation.** Supplementation of Disclosures and Discovery Responses shall be supplemented under Fed. R. Civ. P. 26(e) as new information is acquired, but **not later than 60 days before the close of fact discovery.**

G.  **Final Discovery Witness List.** A final discovery witness list, disclosing all lay and expert witnesses that a party may wish to call at trial either by live testimony or deposition, shall be served and filed **on or before 45 days prior to the close of discovery.** This date may be more than but not less than 45 days prior to the close of discovery. Only those witnesses disclosed at this time will be permitted to testify at trial. Each party shall make a good faith attempt to list only those lay witnesses that the party reasonably believes will testify at trial. Unless otherwise ordered for good cause shown, only those lay witnesses disclosed in this final discovery witness list, and the expert witnesses that were timely identified, will be permitted to testify at trial.

H.  **Close of Discovery.** Fact discovery shall be completed **on or before February 14, 2020**. Expert Discovery shall be completed **on or before June 15, 2020**.

I.  **Limitations on Discovery.** The limitations set forth in Fed. R. Civ. P. 26(b), 30, and 33 will apply except as indicated below:
   1. The maximum number of depositions by each party will not exceed (10).
      a. Depositions will not exceed (6) hours as to non-party deponents.
      b. Depositions will not exceed (7) hours as to party deponents.
   2. The maximum number of interrogatories posed by each party will not exceed (25).
   3. The maximum number of requests for admissions posed by each party will not exceed (30).

V.  **Pretrial Motions.**
   A.  The parties indicate they are not aware of any preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation to be filed.
   B.  Motions to amend, motions under the discovery rules, motions *in limine*, and dispositive motions shall be served and filed within the times specified by the applicable rules except as indicated below:
      1. Motions to amend pleadings, including motions to add parties, shall be served and filed **on or before July 15, 2019**. Thereafter, a party must seek leave of the Court to modify this deadline. *See* Fed. R. Civ. P. 16(b)(3)(A) and (b)(4).

2. Motions under the discovery rules shall be served and filed **on or before sixty (60) days prior to the date of or deadline for the close of fact discovery** as it may be amended or modified, except for motions to extend discovery or motions addressing discovery disputes arising within sixty (60) days of the close of discovery**.**

3. Motions *in limine* and dispositive motions (including motions for summary judgment) shall be served and filed not later than the time specified in the applicable rules.

VI. **Other Provisions**

   A. **Court Conference.** The parties do not request a conference with the court before entry of the Scheduling Order.

   B. **Consent to Proceed before a Magistrate Judge.** The parties do not consent to trial before a magistrate judge.

   C. **Rule 7.1 Compliance**. The parties shall comply with the disclosure requirements of Fed. R. Civ. P. 7.1. **on or before July 15, 2019.**

   D. **Early Settlement / Alternative Dispute Resolution.** The parties have considered and reported to the court regarding possible alternative dispute resolution procedures.

   E. **Trial Readiness**. Either party may request a trial setting conference at any time to establish a trial date. The Court, on its own initiative, will schedule a trial setting conference after the close of discovery. In the event that discovery is completed more than 45 days before the discovery close date set in this scheduling and planning order, and if no dispositive motion is to be made by any party, counsel for the plaintiff must file a certificate that the case is ready for trial as provided in D.Ak. LR 40.3(b).

VII. **Trial.**

   A. The parties expect the case to take 10 days to try.
   B. A jury trial has been demanded.
   C. The parties do not dispute the right to a jury trial.

DATED this 13th day of June, 2019 at Anchorage, Alaska.

*/s/ Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE