Brent R. Cole
Woelber & Cole, LLC
821 N Street, Suite 208
Anchorage, AK 99501
(907) 277-8001
brent@woelbercole.com
info@woelbercole.com

Attorneys for Precision Cranes, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of PRECISION CRANES, INC., an Alaska corporation, <br><br> Plaintiff, <br><br> vs. <br><br> TESTER DRILLING SERVICES, INC., an Alaska corporation; TRAVELERS CASUALTY AND SURETY CO. OF AMERICA, a Connecticut corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation (Bond #106721293), <br><br> Defendants. | Case No.: 4:18-cv-00019-TMB |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS TRAVELER'S AND LIBERTY'S MOTION TO STRIKE

## I.   INTRODUCTION

Plaintiff Precision Cranes, Inc. ("Precision"), by and through counsel, Woelber &

Cole, LLC, and hereby opposes defendant Miller Act sureties Travelers Casualty's and

Surety Co. of America and Liberty Mutual Insurance Company's (collectively "Sureties")

*Plaintiff's Opposition to Defendant Traveler's and Liberty's*
*Motion to Strike*
*Precision Cranes, Inc. v. Tester Drilling Services, Inc.,* 4:18-cv-00019-TMB
Page 1 of 8

Case 4:18-cv-00019-TMB   Document 45   Filed 12/03/19   Page 1 of 8

Motion to Strike. Precision moved for summary judgment on its Miller Act claim for unpaid amounts due on its contract with Tester Drilling Services, Inc. ("TDSI") to supply cranes and crane operators for the federal Clear Long Range Discrimination Radar Project ("the Project") and proffered, in part, the Affidavit of Fred Kuykendall, Sr. and Precision's invoices to TDSI. Sureties opposed, relying on the declarations of Fred Strand, the Sureties' expert CPA, and UNIT Company President Michael Fall who merely compared TDSI Daily Reports with Precision's Certified Payroll and invoices to conclude that TDSI's Daily Reports show fewer "hours worked". In its Reply, Precision submitted a second Affidavit of Fred Kuykendall, Sr. as well as Precision timecards. Sureties move to strike the second affidavit and timecards and to preclude Precision from proffering such evidence in future motions or at trial. Sureties' Motion to Strike should be denied.

## II. ARGUMENT

### A. The Timecards Are Consistent with the Certified Payroll.

After reviewing Sureties' Opposition to Precision's Motion for Partial Summary Judgment, Fred Kuykendall requested his staff to conduct an audit of the wages paid to Precision employees working on the Project.[1] As a result of that audit, Precision staff unearthed timecards which Mr. Kuykendall provided to Precision attorney Brent Cole.[2] Mr. Cole promptly produced the time cards on November 15, 2019 pursuant to the

WOELBER & COLE, LLC
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001 Phone
(907) 277-8002 Facsimile

---

[1] Document 39, Affidavit of Kuykendall at ¶ 2.
[2] *Id.*

*Plaintiff's Opposition to Defendant Traveler's and Liberty's*
*Motion to Strike*
*Precision Cranes, Inc. v. Tester Drilling Services, Inc.,* 4:18-cv-00019-TMB
Page 2 of 8

supplemental disclosure requirements set forth at Fed. R. Civ. P. 26(e)(1)(A).[3] Sureties have offered no support for their bald assertion in memoranda that Precision attempted to "conceal" the time cards.[4] And indeed, what basis would Precision have for doing so? Sureties' attempt to make a mountain out of a mole hill falls flat.

The timecards show 1520 straight time hours worked. The Certified Payroll, which was previously disclosed to Sureties and upon which Sureties rely in their Opposition to Precision's Motion for Partial Summary Judgment, also shows 1520 straight time hours worked. The timecards show 1451 overtime hours, and the Certified Payroll shows 1450 overtime hours. This one hour difference between the timecards and the Certified Payroll is so insignificant as to be nonexistent.

In their Opposition to Precision's Motion for Summary Judgment, Sureties argue that the "man hours" reflected in the invoices and Certified Payroll exceed the "hours worked" shown in the TDSI Daily Reports. *See* Sureties' Opposition at pg. 27. Sureties proffer the affidavits of Fred Strand, the Sureties' expert CPA, and UNIT Company President Michael Fall who merely compared the TDSI Daily Reports with Precision's Certified Payroll and invoices to conclude that TDSI's Daily Reports show fewer "hours worked". For example, Mr. Fall states, "Based on a review of daily reports, it appears as

---

[3] "A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing".

[4] Document 43 at pg. 8.

*Plaintiff's Opposition to Defendant Traveler's and Liberty's Motion to Strike*
*Precision Cranes, Inc. v. Tester Drilling Services, Inc.,* 4:18-cv-00019-TMB
Page 3 of 8

WOELBER & COLE, LLC
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001 Phone
(907) 277-8002 Facsimile

if Precision (1) billed for complete days when its crews arrived, even if no work was performed or the crews were unable to access the worksite, (2) billed for more time than its crews worked, (3) billed for complete days during a mandatory shutdown, and (4) billed for complete days while waiting for recovery plans to be approved."[5] Sureties make the exact same arguments with regard to the timecards. Sureties again argue that "Precision's new documents admit that it billed complete days when it only worked partial days or when it did not perform any work at all."[6] But as Mr. Kuykendall explains, its employees were paid even if no work was performed if they were required to be on site and available to operate the cranes as needed.[7] This Project was located at a remote site and room and board for Precision employees was provided by TDSI.[8] Moreover, Precision's proposal and contract with TDSI was based on two twelve hour shifts.[9] In Miller Act cases, the Ninth Circuit looks to the subcontract terms to determine the measure of recovery. *Taylor Construction Inc. v. ABT Service Corp. Inc.*, 163 F.3d 1119, 1112 (9th Cir. 1998). The Sureties cannot avoid payment because they don't like the TDSI-Precision subcontract terms.

Sureties' contention that they have been deprived of an opportunity to depose the individuals who could provide first-hand knowledge of man hours worked is without merit.

---

[5] Affidavit of Fall at ¶ 24 [Doc. 37 at pg. 8].
[6] Document 43 at pg. 8.
[7] Document 39, Affidavit of Kuykendall in Support of Reply at ¶ 4.
[8] Document 35, Precision's Exhibit 3 at pg. 2 and Exhibit 6.
[9] Document 39, Kuykendall Affidavit in Support of Reply at ¶ 6; Precision's Exhibit 6 (email from Peter Tester to Precision dated July 10, 2017: " 4. We would like 2 operators and one rigger per shift. . . 6. We want to work 7 days/12 hours per day").

*Plaintiff's Opposition to Defendant Traveler's and Liberty's Motion to Strike*
*Precision Cranes, Inc. v. Tester Drilling Services, Inc.,* 4:18-cv-00019-TMB
Page 4 of 8

WOELBER & COLE, LLC
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001 Phone
(907) 277-8002 Facsimile

*See* Sureties' Motion to Strike at pg. 9. Sureties had Precision's Certified Payroll, TDSI's Daily Reports, Precision's invoices, and the first Affidavit of Kuykendall at the time it was preparing its Opposition to Precision's Motion for Partial Summary Judgment. If Sureties needed to take depositions in order to oppose the motion, they should have moved for a Rule 56(d) extension of time.[10] They did not. Instead, they proffered the affidavits of Mr. Fall and Mr. Strand, neither of whom has first-hand knowledge of the terms of the Precision subcontract, nor the hours worked by Precision employees. Because those affidavits are insufficient to create a material issue of fact, Precision should prevail on its Miller Act claim.

### B. Sureties Have Not Articulated Any Basis in Law or in Fact to Strike and Preclude Evidence.

Federal Rule of Civil Procedure 37(c) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: . . . .

Precision did not fail to provide information as required by Rule 26(e). Discovery does not close until February 14, 2020. Precision produced the timecards on November 15, 2019 pursuant to the supplemental disclosure requirements set forth at Fed. R. Civ. P.

---

[10] Fed. R. Evid. 56(d) provides, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . (2) allow time to obtain affidavits or declarations or to take discovery".

*Plaintiff's Opposition to Defendant Traveler's and Liberty's*
*Motion to Strike*
*Precision Cranes, Inc. v. Tester Drilling Services, Inc.,* 4:18-cv-00019-TMB
Page 5 of 8

821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001 Phone
(907) 277-8002 Facsimile

Case 4:18-cv-00019-TMB   Document 45   Filed 12/03/19   Page 5 of 8

26(e)(1)(A).[11] *See e.g., Little & Co. v Mann,* 145 P.3d 1339 (9th Cir. 1998) (unpublished) ("Nor was there a failure to comply with Rule 26(e)(1). That rule establishes a duty to supplement its 26(a) disclosures if the party learns that the information is 'incomplete or incorrect.' In this case, however, Little complied with that rule, informing Mann of the new documents as soon as it became aware of them."). Sureties have ample opportunity to take depositions or perform additional discovery regarding the timecards. By contrast, in *Yeti by Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1105-1107 (9th Cir. 2001), the court affirmed the exclusion of defendant's expert testimony where almost two years after the close of discovery and just 28 days prior to trial, defendants disclosed the expert report. Because Precision has not failed to provide information as required by Rule 26(e) before the close of discovery, there is no basis to impose a sanction pursuant to Rule 37(c). Further, Sureties have not moved to compel and, therefore, sanction is not proper under Rule 37(a)(5)(A). And Precision has not failed to obey a discovery order; therefore, sanction is not proper under Rule 37(b).

### C. The Court May Properly Consider Precision's New Evidence After Giving Sureties an Opportunity to Respond.

Sureties rely on *Von Brimer v. Whirlpool,* 536 F.2 838, 846 (9th Cir. 1976) to mistakenly argue that this Court may not properly consider Precision's new evidence in its

---

[11] "A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing".

*Plaintiff's Opposition to Defendant Traveler's and Liberty's Motion to Strike*
*Precision Cranes, Inc. v. Tester Drilling Services, Inc.,* 4:18-cv-00019-TMB
Page 6 of 8

Reply. In *Von Brimer*, however, the Ninth Circuit was merely reiterating the well-settled rule that on appeal, the court will not consider a new theory advanced for the first time in a reply brief. However, where new evidence is presented in a reply to a motion for summary judgment, the district court may consider the new evidence after giving the non-movant an opportunity to respond. *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996) (citing *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990). In that case, the Ninth Circuit "considered both the evidence submitted by defendants in their reply and the evidence submitted by plaintiffs in their supplemental declaration." *Id.*

After allowing Sureties an adequate opportunity to respond to the new evidence, this Court may properly consider Precision's new evidence when ruling on its Motion for Partial Summary Judgment.

### III. CONCLUSION

For the reasons discussed above, Precision respectfully requests this Court to deny Sureties Motion to Strike.

DATED this ___ day of December, 2019, at Anchorage, Alaska.

        WOELBER & COLE, LLC
        Attorneys for Defendant

        By:   s/ Brent R. Cole
            Brent R. Cole
            AK State Bar No. 8606074

WOELBER & COLE, LLC
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001 Phone
(907) 277-8002 Facsimile

*Plaintiff's Opposition to Defendant Traveler's and Liberty's
Motion to Strike*
*Precision Cranes, Inc. v. Tester Drilling Services, Inc.,* 4:18-cv-00019-TMB
Page 7 of 8

Case 4:18-cv-00019-TMB   Document 45   Filed 12/03/19   Page 7 of 8

**CERTIFICATE OF SERVICE**

This is to certify that on this ___ day of December, 2019, a copy of the foregoing document was served electronically on the following party:

Travelers Casualty and Surety Co. of America and
Liberty Mutual Insurance Company c/o
Michael C. Geraghty, ABA 7811097
Oles Morrison Rinker & Baker LLP
601 West Fifth Avenue, Suite 900
Anchorage, Alaska 99501-2154
Ph: (907) 258-0106
Fax: (907) 258-5519
Email: Geraghty@OLES.com

Travelers Casualty and Surety Co. of America and
Liberty Mutual Insurance Company c/o
J. Craig Rusk
Oles Morrison Rinker & Baker LLP
701 Pike Street, Suite 700
Seattle, Washington 98101
Ph: (206) 623-3427
Fax: (206) 682-6234
Email: Rusk@OLES.com

Tester Drilling Services, Inc.
David M. Freeman, ABA 7808066
Holmes Weddle & Barcott, P.C.
701 West 8th Avenue, Suite 700
Anchorage, Alaska 99501
Ph: (907) 274-0666
Fax: (907) 277-4657
Email: dfreeman@hwb-law.com


By_____s/ Brent R. Cole_____

WOELBER & COLE, LLC
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001 Phone
(907) 277-8002 Facsimile

*Plaintiff's Opposition to Defendant Traveler's and Liberty's Motion to Strike*
*Precision Cranes, Inc. v. Tester Drilling Services, Inc.,* 4:18-cv-00019-TMB
Page 8 of 8