Michael C. Geraghty, ABA#7811097
J. Craig Rusk, *Admitted Pro Hac Vice*
Email: geraghty@oles.com
rusk@oles.com

*Attorneys for Defendants Travelers Casualty and Surety Co. of America and Liberty Mutual Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of PRECISION CRANES, INC., an Alaska corporation<br><br>    Plaintiff,<br><br>    v.<br><br>TESTER DRILLING SERVICES, INC., an Alaska corporation; TRAVELERS CASUALTY AND SURETY CO. OF AMERICA, a Connecticut corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation (Bond #106721293)<br><br>    Defendants. | Case No. 4:18-cv-00019-TMB |

## DEFENDANTS TRAVELERS CASUALTY AND SURETY CO. OF AMERICA'S AND LIBERTY MUTUAL INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO STRIKE

Precision's Opposition to the Defendant Sureties' Motion to Strike misrepresents the facts of this case and applicable law. Precision's Motion for Partial Summary Judgment is reliant on Precision proving it (1) worked certain hours on the Project, and (2) was entitled to be paid for those hours under its Subcontract with

**Defendant Sureties' Reply in Support of Motion to Strike** - Page 1 of 7
*Precision Cranes Inc. v. Tester, Travelers Cas. and Surety Co. of Am., et al.*, Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 46   Filed 12/05/19   Page 1 of 7

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

Tester. As of the date of its Motion, Precision had not produced any contemporaneous record of its claimed manhours and, in fact, unequivocally claimed such records did not exist. In addition, Tester produced contemporaneous job records of manhours claimed by Precision that conflict with both Precision's invoices and Precision's certified payroll. Finally, Precision's manhours claimed on its invoices and manhours claimed on its certified payroll are in conflict. As such, contemporaneous records of Precision's manhours worked are vital to Precision's Motion for Partial Summary Judgment. Precision failed to produce necessary records which would have supported the Sureties' Opposition until after the date of the Opposition. The Sureties' Motion to Strike should be granted for the following reasons.

    **1.**    Precision's Initial Disclosures did not include any contemporaneous records of manhours worked. *See* Doc. 44, Rusk Decl., ¶ 4, Ex. 3.

    **2.**    Precision's First Supplement to its Initial Disclosures did not contain contemporaneous records of manhours worked. *Id*., ¶ 5, Ex. 4.

    **3.**    Defendants, in a Request for Production of documents pursuant to the civil rules, specifically requested contemporaneous records of manhours worked. Precision specifically stated that such records did not exist. *Id.*, Ex. 1, RFPs #3, #4, #9, #14. Precision's response was not true.

    **4.**    Following these Responses, Defendants wrote to Precision to confirm that Precision did not have any contemporaneous records of manhours worked, specifically stating that Defendants "do not want them to mysteriously appear later in

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

**Defendant Sureties' Reply in Support of Motion to Strike** - Page 2 of 7
*Precision Cranes Inc. v. Tester, Travelers Cas. and Surety Co. of Am., et al.*, Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 46   Filed 12/05/19   Page 2 of 7

the litigation." *Id.*, Ex. 5. Precision again confirmed that manhours were only submitted via text messages, and that no such records existed. *Id.*, Ex. 6. Precision's response was not true.

5. Precision filed its motion for summary judgment without producing, including or even acknowledging the existence of its own timesheets and daily records, which should be the basis of any calculation of amounts owed on an hourly rate contract.

6. Precision's Opposition provides no explanation as to why it said that these records did not exist or why it was unable to find **any** of these documents for over 11 months, only to find them in the week following filing of the Defendants' Opposition.

7. Precision's claim that Defendants could have moved for a FRCP 56(d) extension of time to take depositions but chose not to is misleading. Defendants had no ability to depose individuals who purportedly created the documents tracking manhours, and to inquire as to what these documents did or did not show, when Defendants were unaware such documents existed because Plaintiff had repeatedly said such documents did not exist.

8. Precision's claim that "Mr. Cole promptly produced the time cards on November 15, 2019 pursuant to the supplemental disclosure requirements set forth at Fed. R. Civ. P. 26(e)(1)(A)" is similarly misleading. FRCP 26(a) requires a party to provide initial disclosures and discovery responses covering relevant material. FRCP

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

**Defendant Sureties' Reply in Support of Motion to Strike** - Page 3 of 7
*Precision Cranes Inc. v. Tester, Travelers Cas. and Surety Co. of Am., et al.*, Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 46   Filed 12/05/19   Page 3 of 7

37(c) prohibits a party from using information it did not provide to an opposing party in accordance with FRCP 26(a) and from using that very information in support of a Motion. Here, Precision (1) had highly relevant and probative information in its possession, (2) did not provide it to Defendants, despite repeated requests for the specific information, (3) responded to Defendants' request pursuant to FRCP 26 and said the documents did not exist, and (4) used these very documents as the basis of its Reply in Support of its Motion. Precision also has not articulated any reason why it did not try to locate any of these documents in the preceding 11 months.

9. Precision's claim that it timely supplemented its FRCP 26(a) disclosure may hold weight with regard to use of the documents at trial, but it does not excuse the fact that Precision filed a Motion, and then a Reply, using documents wrongfully withheld from Defendants. Further, Precision **did not** timely supplement its disclosure. Precision supplemented its document disclosure **after** it filed and served its Opposition to Defendants' Motion.

10. It is irrelevant Precision paid its employees a daily rate, as Precision's Subcontract with Tester, which Precision itself claims is the basis of a Miller Act Claim, was for "crane services," "operating crane[s]," and "grab services" and only allows for payment for the labor portion of these services on an hourly rate. *See* Doc. 35, Ex. 8, §§ 2-3 ("CLARIFICATION: Unit rates per Precision proposal of 1/24/17 & 7/18/17, not to exceed $675,000.00"); Ex. 3 ("Man hours charged at $100 per man, per hour. Overtime charged at $120 per man, per hour."). Precision's Opposition cites to

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

**Defendant Sureties' Reply in Support of Motion to Strike** - Page 4 of 7
*Precision Cranes Inc. v. Tester, Travelers Cas. and Surety Co. of Am., et al.*, Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 46   Filed 12/05/19   Page 4 of 7

a July 10, 2017 email between Precision and Tester. This email is not attached to, nor incorporated by reference in the Parties' Subcontract, and therefore is not part of the actual subcontract. Precision's claim that it is entitled to full payment for partial days' work, for days when its own employees appear to state they did not work, and for when the work was on standby is wholly unsupported by the contract documents and thus, by its own admission, unallowable under the Miller Act.

11. Precision's invoices conflict with Precision's certified payroll. Both of these conflict with the manhours recorded on Tester's contemporaneous daily reports. As such, the accuracy of Precision's certified payroll is a central issue to this dispute, including the support for that certified payroll, which comes in the form of timesheets Precision claimed did not exist until after Defendants filed their Opposition to Precision's Motion for Partial Summary Judgment.

12. The Sureties included an alternative remedy in their Motion to Strike which would allow the Sureties to review this previously withheld evidence, conduct additional discovery related to that evidence, and provide a supplemental response to Precision's Motion. While the Sureties maintain that Precision's Motion should be denied outright, the Sureties agree with Precision that, in the alternative, they should be permitted to conduct additional discovery and respond to the new evidence. *See* Doc. 45, Precision's Opp., pp. 6-7.

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

**Defendant Sureties' Reply in Support of Motion to Strike** - Page 5 of 7
*Precision Cranes Inc. v. Tester, Travelers Cas. and Surety Co. of Am., et al.*, Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 46   Filed 12/05/19   Page 5 of 7

## CONCLUSION

Precision's Opposition misrepresents relevant facts and misconstrues applicable law. Precision wrongfully withheld information vital to its Motion for Partial Summary Judgment, then used that information in Reply prior to producing the same to Defendants. Defendants' Motion to Strike should be granted and Precision's Motion for Partial Summary Judgment should be denied.

OLES MORRISON RINKER & BAKER LLP

Dated: December 5, 2019   By: s/J. Craig Rusk
Michael C. Geraghty, ABA#7811097
J. Craig Rusk, *Pro Hac Vice*

*Attorneys for Defendants Travelers Casualty and Liberty Mutual Ins Co.*

CERTIFICATE OF SERVICE
I hereby certify that on December 5, 2019, a copy of the foregoing document was served electronically on the following parties:

Brent R. Cole
WOELBER & COLE, LLC
*Attorneys for Precision Cranes, Inc.*

David M. Freeman
HOLMES WEDDLE & BARCOTT, PC
John S. Riper, *pro hac vice*
ASHBAUGH BEAL, LLP
*Attorneys for Tester Drilling Services, Inc.*

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

**Defendant Sureties' Reply in Support of Motion to Strike** - Page 6 of 7
*Precision Cranes Inc. v. Tester, Travelers Cas. and Surety Co. of Am., et al.*, Case No. 4:18-cv-00019-TMB

Case 4:18-cv-00019-TMB   Document 46   Filed 12/05/19   Page 6 of 7

Meredith E. Dishaw, *pro hac vice*
WILLIAMS KASTNER & GIBBS PLLC
*Attorneys for Travelers, Surety, Liberty Mutual*

OLES MORRISON RINKER & BAKER LLP

s/J. Craig Rusk

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

**Defendant Sureties' Reply in Support of Motion to Strike** - Page 7 of 7
*Precision Cranes Inc. v. Tester, Travelers Cas. and Surety Co. of Am., et al.*, Case No. 4:18-cv-00019-TMB