IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*Precision Cranes Inc. v. Tester Drilling Services, Inc., et al.*
Case No. 4:18-cv-00019-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendants Liberty Mutual Insurance Company and Travel Casualty and Surety Co. of America's (the "Sureties") Motion to Strike.[1] On May 24, 2018, the Sureties removed this action filed by Precision Cranes, Inc. ("Precision") to federal court.[2] Precision's complaint leveled numerous causes of action against the Sureties and Defendant Tester Drilling Services, Inc., including a Miller Act claim.[3] Specifically, Precision claims that it was not paid for labor and equipment it provided under a subcontract for a federal project.[4]

The parties are still conducting fact and expert discovery, which are set to close February 14, 2020 and June 15, 2020, respectively.[5] On October 4, 2019, Precision filed a Motion for Partial Summary Judgment on its Miller Act claim.[6] The Sureties filed a Response in Opposition to Precision's Motion for Partial Summary Judgment.[7] One of the arguments the Sureties advance is that the number of manhours reported in Precision's invoices for which it was seeking payment was inaccurate and differed from the number of manhours recorded in Precision's daily reports.[8]

Alongside its Reply[9] to the Sureties' Response in Opposition, Precision submitted the Affidavit of Fred Kuykendall, Precision's co-owner (the "Kuykendall Affidavit").[10] In the Kuykendall Affidavit, Mr. Kuykendall attests that he reviewed Precision's certified payroll, timecards, and invoices from the federal project, and the manhours claimed in its invoices were slightly higher than those recorded in Precision's certified payroll or timecards.[11]

---

[1] Dkt. 43 (Motion to Strike).
[2] Dkt. 1 (Notice of Removal).
[3] Dkt. 1-1 (Complaint).
[4] *Id.* at 4–5.
[5] Dkt. 32 at 3 (Scheduling and Planning Order).
[6] Dkt. 34 (Motion for Partial Summary Judgment).
[7] Dkt. 36 (Response in Opposition to Motion for Partial Summary Judgment).
[8] *Id.* at 26–28.
[9] Dkt. 39 (Reply).
[10] Dkt. 40 (Kuykendall Affidavit).
[11] *Id.* at 2–4.

1

In their Motion to Strike, the Sureties request the Court strike the Kuykendall Affidavit pursuant to Federal Rules of Civil Procedure 26 and 37.[12] The Sureties claim that, until Precision filed the Kuykendall Affidavit, Precision had maintained that it did not possess "timecards or other documents that contemporaneously tracked hours worked and work performed."[13] The Sureties claim that "this late disclosure is highly prejudicial to the Defendants, as it goes to the very heart of Precision's Motion for Summary Judgment and contains information Defendants would have used in opposition."[14] Therefore, the Sureties request the Kuykendall Affidavit be stricken and Precision be precluded from relying on it in future motions or at trial.[15] In the alternative, the Sureties request time to conduct additional discovery to supplement their Response in Opposition in light of these newly disclosed documents.[16]

In opposition to the Motion to Strike, Precision asserts that the timecards were "unearthed" during an audit conducted after the Sureties had responded to the Motion for Partial Summary Judgment.[17] Further, that Precision disclosed the timecards promptly on November 15, 2019—the day it filed the Kuykendall Affidavit.[18] Precision argues that the Sureties have not identified any legal basis for striking the Kuykendall Affidavit as discovery is still ongoing and supplemental disclosures are allowed by the Federal Rules of Civil Procedure when new evidence is discovered.[19] Ultimately, Precision contends that the Court may consider the new evidence so long as the Sureties are given an adequate opportunity to respond.[20]

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) and (iii) requires parties to disclose, without request, documents "that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . ." and documents on which the parties base their computation of damages. The timecards, which tend to prove the amount of labor Precision provided to the federal project, are being used to support Precision's claims and compute damages. Therefore, Rule 26 required the information to be disclosed. Under Rule 26(a)(1)(E), a party must supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Here, Mr. Kuykendall claims that he began an audit of manhours after reviewing the Sureties' Response in Opposition filed on October 25, 2019.[21] At some point during this audit, Mr. Kuykendall claims that his staff discovered the timecards.[22] On November 15, 2019 Precision

---

[12] Dkt. 43 at 1.
[13] *Id.* at 2.
[14] *Id.* at 3.
[15] *Id.* at 9–10.
[16] *Id.*
[17] Dkt. 45 at 2 (Response in Opposition to Motion to Strike).
[18] *Id.* at 2–3.
[19] *Id.* at 5–6; Fed. R. Civ. P. 26(e).
[20] *Id.* at 6–7.
[21] Dkt. 40 at 2.
[22] Dkt. 45 at 2

2

disclosed the timecards alongside its Reply and the Kuykendall Affidavit.[23] Despite the Sureties' insinuations, there is no evidence that Precision acted in bad faith or purposefully "concealed" the timecards.[24] Therefore, without evidence of bad faith or non-compliance with the Rules, the Court cannot strike the evidence from the record or otherwise preclude Precision from relying on it.

However, because this disclosure was made after the Sureties had filed their Response in Opposition to Precision's Motion for Partial Summary Judgment, fundamental fairness dictates that they be given an opportunity to conduct additional discovery and respond to the new evidence.[25]

Accordingly, the Sureties Motion to Strike is **GRANTED IN PART** and **DENIED IN PART**. The Court **HEREBY ORDERS** that **within fourteen days (14)** of this Order, the Sureties be allowed to conduct additional discovery and submit a supplemental filing responding to the new evidence raised in Precision's Reply and the Kuykendall Affidavit.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 12, 2019.

---

[23] *Id.* at 2–3.
[24] Dkt. 43 at 7.
[25] *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.") (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)); Fed. R. Civ. P. 56(d)(2).

3