Michael C. Geraghty, ABA#7811097
J. Craig Rusk, *Admitted Pro Hac Vice*
Email: geraghty@oles.com, rusk@oles.com

Matthew T. Findley, ABA # 0504009
Email: matt@anchorlaw.com

*Attorneys for Defendants/Third-Party Defendants Travelers Casualty and Surety Co. of America, Liberty Mutual Insurance Company and UNIT-ASRC Construction, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of PRECISION CRANES, INC., an Alaska corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>TESTER DRILLING SERVICES, INC., an Alaska corporation; TRAVELERS CASUALTY AND SURETY CO. OF AMERICA, a Connecticut corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation (Bond #106721293),<br><br>      Defendants. | Case No. 4:18-cv-00019-JMK |
| UNITED STATES OF AMERICA, for the use and benefit of TESTER DRILLING SERVICES, INC., an Alaska corporation, and TESTER DRILLING SERVICES, INC.,<br><br> Third-Party Use-Plaintiff and Plaintiff,<br><br>  v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation (Bond No. 106721293/023038282), LIBERTY MUTUAL INSURANCE COMPANY, a Connecticut corporation (Bond | |

Motion for Partial Summary Judgment - Page 1 of 10
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*, Case No. 4:18-cv-00019-JMK

Case 4:18-cv-00019-JMK   Document 61   Filed 06/02/20   Page 1 of 10

No. 106721293/023038282), and UNIT-ASRC CONSTRUCTION, LLC, an Alaska limited liability company,

      Third-Party Defendants.

# DEFENDANTS TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S AND LIBERTY MUTUAL INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

  Defendants Travelers Casualty and Surety Company of America and Liberty Mutual Insurance Company (collectively, the "Sureties") move for partial summary judgment that Plaintiff Precision Cranes, Inc.'s ("Precision") Claim for Violation of Alaska's Unfair Trade Practices and Consumer Protection Act ("UTPCPA"), AS 45.50.471, *et seq.*, is statutorily barred and must be dismissed.

## INTRODUCTION

  This case involves a military construction project where the United States retained UNIT-ASRC Construction, LLC ("UNIT-ASRC") to construct facilities for a long-range radar facility at Clear Air Force Station. UNIT-ASRC hired defendant Tester Drilling Services, Inc. ("TDSI") to drill wells for the project, and TDSI in turn retained Precision as its subcontractor to provide cranes and drilling assistance. Because this was a federal construction project, UNIT-ASRC secured a bond under the Miller Act issued by the Sureties. TDSI failed to perform and UNIT-ASRC terminated its subcontract. TDSI failed to pay Precision, and Precision sought payment from the Sureties under the Miller Act bond. After the Sureties declined payment, Precision
OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106 Fax: (907) 258-5519

Motion for Partial Summary Judgment - Page 2 of 10
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*, Case No. 4:18-cv-00019-JMK

Case 4:18-cv-00019-JMK Document 61 Filed 06/02/20 Page 2 of 10

initiated the present action, including a claim against the Sureties alleging that their failure to pay under the bond was a violation of the UTPCPA.

The UTPCPA, though, explicitly excludes from its scope any claims governed by Alaska's Unfair Claim Settlement Practices Act (AS 21.36.010, *et seq*.), which regulates claims against the insurance industry. Specifically, the UTPCPA provides that "[n]othing in [the Act] applies to . . . an act or transaction regulated under AS 21.36 . . . ." Precision's UTPCPA Claim alleges that the Sureties violated the statute by denying Precision's payment bond claim—an act solely regulated under AS 21.36 which includes coverage for surety carriers. Thus, Precision's UTPCPA claim fails as a mater of law and must be dismissed.

## UNDISPUTED FACTS

### A. Project History

UNIT-ASRC entered into a contract with the U.S. Army Corps of Engineers ("USACE") for the construction of the Long Range Discrimination Radar Construction Package #1—Site Infrastructure, Mission Control Facility ("MCF"), and Substation at the Clear Air Force Station in Clear, Alaska (the "Project"). Because this was a federal public work contract over $100,000, UNIT-ASRC had to secure a payment bond for those supplying labor and materials on the Project under the Miller Act.[1] UNIT-ASRC

---

[1] 40 U.S.C. § 3131(b).

Motion for Partial Summary Judgment - Page 3 of 10
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*, Case No. 4:18-cv-00019-JMK

Case 4:18-cv-00019-JMK   Document 61   Filed 06/02/20   Page 3 of 10

and the Sureties executed a Miller Act bond in May 2017 in the amount of $112,949,720.[2]

Precision acted as a second tier subcontractor to UNIT-ASRC's subcontractor, TDSI. UNIT-ASRC retained TDSI to provide eight 24-inch diameter by 300-foot deep stainless steel well casings in eight locations on the Project.[3] TDSI, in turn, retained Precision to provide the cranes and operators to support the well drilling and installation.[4] Unfortunately, TDSI failed to perform. TDSI was only able to provide work on two of the eight wells, and these wells suffered from such defects that UNIT-ASRC was forced to retain a new subcontractor to re-drill the shafts, essentially starting over from scratch.[5] UNIT-ASRC ultimately terminated its subcontract with TDSI. Precision alleges TDSI never paid it any of the amounts due under its subcontract.[6]

### B. Precision's Bond Claim

On December 1, 2017, Precision provided notice to UNIT-ASRC and the Sureties that TDSI allegedly failed to pay amounts owed to Precision under the terms of its subcontract with TDSI.[7] The Sureties contacted Precision and requested

---

[2] Precision Complaint dated April 20, 2018 ("Precision Compl.") ¶ 10.

[3] Fall Decl., ¶ 2; Precision Compl. ¶ 11.

[4] Precision Compl. ¶ 12.

[5] Fall Decl., ¶ 3.

[6] Precision Compl. ¶ 14.

[7] *Id.* ¶ 15.

Motion for Partial Summary Judgment - Page 4 of 10
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*, Case No. 4:18-cv-00019-JMK

Case 4:18-cv-00019-JMK   Document 61   Filed 06/02/20   Page 4 of 10

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

Precision provide documentation supporting its claim.[8] After reviewing the documentation, the Sureties denied Precision's claim, finding that Precision was not entitled to any payment under the terms of the relevant contracts or the Miller Act bond.[9]

On April 20, 2018, Precision initiated the present litigation, asserting numerous causes of action against the Sureties and TDSI, including a cause of action against the Sureties for "Violation of the UTPCPA," alleging that "Travelers and Liberty engaged in unfair or deceptive acts or practices by providing a surety bond and then denying payment to Precision when it demonstrated it had not been paid for equipment, labor, and materials provided to the Project . . . ."[10]

## ARGUMENT

### A.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[11] While the moving party bears the initial burden of establishing there is no genuine issue of material fact, the burden shifts to the non-

---

[8] *Id.* ¶ 16.
[9] *Id.* ¶ 17.
[10] *Id.* ¶ 34.
[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) (citing CR 56(c)).

Motion for Partial Summary Judgment - Page 5 of 10
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*, Case No. 4:18-cv-00019-JMK

Case 4:18-cv-00019-JMK   Document 61   Filed 06/02/20   Page 5 of 10

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

moving party to establish specific facts showing contradiction is possible once that initial burden is met.[12] The non-moving party may not rely on mere allegations in the pleadings, or on "some metaphysical doubt as to the material facts," but instead must produce at least some "significant probative evidence tending to support" its defense.[13] Summary Judgment is an appropriate vehicle to determine whether a cause of action is allowed and, if not, the Court should dismiss it. If the plaintiff has failed to state a prima facie cause of action, "no genuine issue as to material fact may exist and the Court must grant summary judgment to the movant who, as a matter of law, is so entitled."[14]

### B. Precision's UTPCPA Claim Against The Sureties Is an Insurance Claim Governed by Alaska Unfair Claim Settlement Practices Act and Such Claims Are Excluded from the Scope of the UTPCPA.

#### 1. Acts Covered by AS 21.36, Alaska's Unfair Claim Settlement Practices Act, Are Exempt from the UTPCPA.

Precision's alleges that the Sureties violated the UTPCPA by acting in an unfair and deceptive manner in assessing Precision's payment bond claim. The UTPCPA expressly creates a private cause of action for a person who purchases goods or services and is injured by a practice declared unlawful in the statute.[15] To prevail on a claim

---

[12] *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 949 (9th Cir. 1978) (citations omitted).

[13] *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citations omitted).

[14] *Ransom v. Haner*, 25 F.R.D. 84 (D. Alaska 1960).

[15] AS 45.50.531; see also *O.K. Lumber Co., Inc. v. Providence Washington Insurance Co.*, 759 P.2d 523, 528 (1988).

Motion for Partial Summary Judgment - Page 6 of 10
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*, Case No. 4:18-cv-00019-JMK

Case 4:18-cv-00019-JMK   Document 61   Filed 06/02/20   Page 6 of 10

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

brought under the Alaska UTPCPA, the plaintiff must show: (1) that the defendant is engaged in trade or commerce; and (2) that in the conduct of trade or commerce, an unfair act or practice has occurred.[16] However, the UTPCPA expressly exempts from its scope acts regulated by AS 21.36, Alaska's Unfair Claim Settlement Practices Act.[17] Specifically, the UTPCPA provides that "[n]othing in AS 45.50.471-45.50.561 applies to…an act or transaction regulated under AS 21.36…"[18] The Alaska Supreme Court has recognized that this provision exempts insurance claims from the UTPCPA.[19]

### 2. Precision's Unfair Trade Practices and Consumer Protection Act Claim Against the Sureties is Subject to AS 21.36.

Surety insurance is a considered a type of insurance that, among other things, guarantees the performance of contracts.[20] AS 21.36 broadly governs trade practices and frauds in the insurance industry.[21] Its purpose is to "regulate trade practices in the business of insurance" by defining and prohibiting "unfair methods of competition or

---

[16] *Kenai Chrysler Center, Inc. v. Denison*, 167 P.3d 1240, 1255 (2007).

[17] AS 45.50.481(3).

[18] *Id.*

[19] *O.K. Lumber Co., Inc. v. Providence Washington Insurance Co.*, 759 P.2d 523, 528 (1988) ("We conclude that O.K. Lumber has no cause of action under the Consumer Protection Act due to the express exemption for the insurance industry found in AS 45.50.481(3).").

[20] AS 21.12.080(2) (defining surety insurance as "insurance guaranteeing the performance of contracts, other than insurance policies, and guaranteeing and executing bonds, undertakings, and contracts of suretyship.").

[21] *O.K. Lumber Co.,* 759 P.2d at 528.

Motion for Partial Summary Judgment - Page 7 of 10
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*, Case No. 4:18-cv-00019-JMK

Case 4:18-cv-00019-JMK   Document 61   Filed 06/02/20   Page 7 of 10

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

unfair or deceptive acts or practices."[22] The regulations implementing AS 21.36 "apply to all persons transacting a business of insurance who participate in the investigation, adjustment, negotiation, or settlement of a claim *under all types of insurance*."[23] There is no private cause of action for any alleged violation of AS 21.36.[24]

Precision's claims here potentially implicate AS 21.36.020, which is a catchall section for unfair or deceptive acts in the business of insurance, and AS 21.36.125, which addresses unfair claims settlement practices. Neither section exempts surety insurance from its scope.[25] Thus, Precision's claims against the Sureties here are covered by AS 21.36, and therefore are excluded from the scope of the UTPCPA. Moreover, to remove any doubt, AS 21.36.010 provides that "[t]he purpose of this chapter is to regulate an act or a trade practice in the business of insurance in accordance with the intent of Congress as expressed in 15 U.S.C. 1011-1015

---

[22] AS 21.36.010.

[23] 3 AAC 26.020 (emphasis added).

[24] *O.K. Lumber Co.,* 759 P.2d at 528 ("In our view, there is much in the statute which suggests that the legislature did not intend to create a private right of action for damages . . . . We therefore conclude that a third party claimant has no cause of action against an insurer under AS 21.36.125.").

[25] By contrast, other sections of the statute only apply to certain subsets of insurance and exclude surety insurance from their scope. *E.g.* AS 21.36.310(1). Those provisions are not at issue here. These exclusions further demonstrate that all other provisions of AS 21.36 apply to surety insurance unless the statute expressly provides otherwise.

Motion for Partial Summary Judgment - Page 8 of 10
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*, Case No. 4:18-cv-00019-JMK

Case 4:18-cv-00019-JMK   Document 61   Filed 06/02/20   Page 8 of 10

(McCarran-Ferguson Act) . . . ." Numerous federal cases hold that the McCarran-Ferguson Act applies to surety insurance.[26]

## CONCLUSION

Precision's claim that the Sureties violated the UTPCPA is statutorily barred because the UTPCPA excludes from its scope any claim governed by the Alaska Unfair Claim Settlement Practices Act, and Precision's allegations against the Sureties are directly within the scope of this separate statute. Because Precision's claim is not one upon which relief may be granted, partial summary judgment is appropriate and its UTPCPA claim must be dismissed with prejudice.

OLES MORRISON RINKER & BAKER LLP

Dated: June 2, 2020    By:   s/Michael C. Geraghty
Michael C. Geraghty, ABA#7811097
J. Craig Rusk, *Pro Hac Vice*

ASHBURN & MASON, P.C.

s/Matthew T. Findley
Matthew T. Findley, ABA # 0504009

*Attorneys for Defendants/Third-Party Defendants Travelers Casualty and Surety Co. of America, Liberty Mutual Insurance Company and UNIT-ASRC Construction, LLC*

---

[26] *See, e.g.*, *U.S. Dept. of Treasury v. Fabe*, 508 U.S. 491, 113 S. Ct. 2202 (1993); *American General Ins. Co. v. F.T.C.*, 359 F. Supp. 887 (S.D. TX 1973).

Motion for Partial Summary Judgment - Page 9 of 10
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*, Case No. 4:18-cv-00019-JMK

Case 4:18-cv-00019-JMK   Document 61   Filed 06/02/20   Page 9 of 10

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

CERTIFICATE OF SERVICE
I hereby certify that on June 2, 2020, a copy of the foregoing document was served electronically on the following party:

Brent R. Cole
LAW OFFICE OF BRENT R. COLE, P.C.
brent@akcolelaw.com
info@akcolelaw.com
*Attorneys for Plaintiff Precision Cranes, Inc.*

David M. Freeman
HOLMES WEDDLE & BARCOTT, PC
dfreeman@hwb-law.com
*Attorneys for Defendant Tester Drilling Services, Inc.*

OLES MORRISON RINKER & BAKER LLP

s/Michael C. Geraghty

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

Motion for Partial Summary Judgment - Page 10 of 10
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*, Case No. 4:18-cv-00019-JMK

Case 4:18-cv-00019-JMK   Document 61   Filed 06/02/20   Page 10 of 10