IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PRECISION CRANES, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>TESTER DRILLING SERVICES, INC., TRAVELERS CASUALTY AND SURETY CO. OF AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, and UNIT-ASRC CONSTRUCTION, LLC,<br><br>        Defendants. | Case No. 4:18-cv-00019-JMK<br><br>**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br>**(Docket 61)** |

Pending before the Court is a Motion for Partial Summary Judgement[1] filed by Defendants Liberty Mutual Insurance Company, Travelers Casualty and Surety Co. of America, and UNIT-ASRC Construction, LLC. For the reasons set forth below, the Motion is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a contract dispute based on a payment bond issued pursuant to 40 U.S.C. § 3131 *et. seq.* ("the Miller Act").[2] The facts can be summarized as

---

[1] Docket 61.
[2] Docket 1.

follows: the United States Government contracted with Defendant Unit-ASRC Construction, LLC ("Unit"), to construct a mission control facility, the Long Range Discrimination Radar Construction Package #1 – Site Infrastructure, MCF and Substation at the Clear Air Force Station in Clear, Alaska ("the Project").[3] Unit furnished a payment bond executed by Defendant Travelers Casualty and Surety Company of America and Liberty Mutual Insurance Company ("the Sureties") pursuant to the Miller Act, 40 U.S.C. § 3131(b)(2).[4] The payment bond amounted to $112,949,720.[5]

On July 12, 2017, Unit executed a subcontract with Tester Drilling Services, Inc. ("TDSI"), to perform a portion of the work required under the prime contract, including: "provision of eight (8) cased wellbores on the Project site; drilling of the wellbores utilizing temporary casing; placement of permanent stainless-steel casing in the wellbores; welding of permanent casing as required; and placement of screens per specifications."[6] On July 18, 2017, TDSI executed a subcontract with Precision to provide crane services.[7] Precision's expected activities on the project included providing cranes, crane operators, a service/pickup truck, lifting hardware, and other miscellaneous appurtenances.[8]

The Sureties assert that Precision failed to provide skilled crane operators to operate the machinery with the speed necessary to meet the production rates.[9] By

---

[3] Docket 37 at 2.
[4] Docket 35-1.
[5] *Id*.
[6] Docket 35-2 at 2.
[7] Docket 35-8.
[8] Docket 35-8 at 1; Docket 35-4 at 7–8.
[9] Docket 36 at 9.

*Precision Cranes, Inc. v. Tester Drilling Svcs., et al.*     Case No. 4:18-cv-00019-JMK
Order Granting Motion for Partial Summary Judgment (Docket 61)     Page 2
Case 4:18-cv-00019-JMK    Document 80    Filed 11/18/20    Page 2 of 7

October 16, 2017, TSDI terminated Precision's work on the project.[10] Precision submitted multiple invoices to TSDI during the project, the most recent on November 3, 2017.[11] The invoices totaled $577,312.31.[12] Precision's invoices have not been paid.[13]

On April 23, 2018, Precision filed a complaint in the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks,[14] against TDSI and the Sureties. The complaint alleges a claim based on the payment bond, as well as breach of express contract, and violation of the Alaska Unfair Trade Practice and Consumer Protection Act.[15] The action was removed to the United States District Court for the District of Alaska on May 24, 2018.[16]

On June 2, 2020, Defendants filed the instant Motion for Partial Summary Judgment asserting that Precision's claim for Violation of Alaska's Unfair Trade Practices and Consumer Protection Act ("UTPCPA"), Alaska Stat. § 45.50.471, *et seq.*, is statutorily barred and must be dismissed.[17] On July 8, 2020, Precision filed a non-opposition to Defendants' motion.[18]

## II. LEGAL STANDARD

A court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[10] Docket 35-16.
[11] Docket 35-17.
[12] *Id.*; Docket 35 at 7.
[13] Docket 35-4 at 9.
[14] Docket 1-1.
[15] *Id.*
[16] Docket 1.
[17] Docket 61.
[18] Docket 65.

*Precision Cranes, Inc. v. Tester Drilling Svcs., et al.*     Case No. 4:18-cv-00019-JMK
Order Granting Motion for Partial Summary Judgment (Docket 61)     Page 3
Case 4:18-cv-00019-JMK   Document 80   Filed 11/18/20   Page 3 of 7

as a matter of law."[19] "A 'material' fact is one that is relevant to an element of a claim or defense . . . ."[20] "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."[21]

The Ninth Circuit has determined that whether a genuine issue can be said to exist is often a close question.[22] The moving party must set forth the basis for summary judgment, after which the nonmoving party has the burden to go beyond mere allegations and offer specific facts to show there is a genuine issue of fact for trial.[23] Showing some doubt as to the material facts is not enough for the nonmoving party to overcome summary judgment.[24]

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[25] A party asserting that a fact is undisputed must support such an assertion by citing to materials in the record, including depositions, affidavits or declarations, stipulations, admissions, answers to interrogatories, or other materials.[26] The moving party bears the initial burden of proof for showing that no fact is in dispute.[27] If the moving party meets that burden, then it falls upon the non-moving party to refute with facts that would indicate a genuine issue of fact

---

[19] Fed. R. Civ. P. 56.
[20] *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).
[21] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[22] *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.
[23] Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 232–24 (1986).
[24] *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.
[25] Fed. R. Civ. P. 56(a).
[26] Fed. R. Civ. P. 56(c)(1).
[27] *Celotex*, 477 U.S. at 325.

*Precision Cranes, Inc. v. Tester Drilling Svcs., et al.*     Case No. 4:18-cv-00019-JMK
Order Granting Motion for Partial Summary Judgment (Docket 61)     Page 4
Case 4:18-cv-00019-JMK    Document 80    Filed 11/18/20    Page 4 of 7

for trial.[28] An issue is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party,[29] and a dispute is 'material' only if it could affect the outcome of the suit under the governing law.[30] When considering the evidence on a motion for summary judgment, courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing summary judgment.[31] Summary judgment is appropriate if the facts and allegations presented by a party are merely colorable, or are not significantly probative.[32]

### III. ANALYSIS

Defendants assert that Precision's claim for violation of the UTPCPA, Alaska Stat. § 45.50.471, *et seq.*, is statutorily barred and must be dismissed.[33] Defendants claim that the UTPCPA excludes any claims governed by Alaska's Unfair Claim Settlement Practices Act (Alaska Stat. § 21.36.010, *et seq.*) from its scope.[34] Alaska's Unfair Claim Settlement Practices Act regulates claims against the insurance industry.[35] Furthermore, Precision does not disagree with Defendants' assertions.[36]

"Interpreting Federal Rule of Civil Procedure 56 the Ninth Circuit has held that it is 'the burden of the moving party to demonstrate the absence of any material

---

[28] *Anderson*, 477 U.S. at 250.
[29] *Anderson,* 477 U.S. at 248.
[30] *Id.*
[31] *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 1774, 167 L. Ed. 2d 686 (2007).
[32] *Anderson*, 477 U.S. at 250; *see also In re Lewis*, 97 F.3d 1182, 1187 (9th Cir. 1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1995).
[33] Docket 61 at 2.
[34] *Id.* at 3.
[35] *Id.*
[36] Docket 65.

*Precision Cranes, Inc. v. Tester Drilling Svcs., et al.*                                               Case No. 4:18-cv-00019-JMK
Order Granting Motion for Partial Summary Judgment (Docket 61)                     Page 5
Case 4:18-cv-00019-JMK    Document 80    Filed 11/18/20    Page 5 of 7

fact.'"[37] "Even when a motion for summary judgment is unopposed, as here, the moving party retains its burden to demonstrate the absence of any issue of material fact. . . . Trial courts resolving unopposed summary judgment motions have an obligation to evaluate independently the sufficiency of the moving papers."[38]

The UTPCPA states in relevant part: "Nothing in AS 45.50.471—45.50.561 applies to . . . an act or transaction regulated under AS 21.36 . . . ."[39]

The Unfair Claim Settlement Practices Act states:

> The purpose of this chapter is to regulate an act or a trade practice in the business of insurance in accordance with the intent of Congress . . . by defining or providing for determination of all the practices in this state that constitute an unfair method of competition or an unfair or deceptive act or practice and by prohibiting them.[40]

The plain language of the statutes are clear. Further, the Alaska Supreme Court has held that the insurance industry is expressly exempt from the UTPCPA.[41] Since the Sureties are insurance entities, Precision's UTPCPA claim cannot prevail.

## IV. CONCLUSION

For the reasons set forth above, the Motion for Partial Summary Judgment[42] filed by Defendants Liberty Mutual Insurance Company, Travelers Casualty and Surety Co. of America, and UNIT-ASRC Construction, LLC is **GRANTED**. Precision Crane,

---

[37] *Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994).
[38] *Lopez-Gomez v. Sessions*, 693 F. App'x 729, 731 (9th Cir. 2017).
[39] Alaska Stat. § 45.50.481.
[40] Alaska Stat. § 21.36.010.
[41] *O.K. Lumber Co. v. Providence Wash. Ins. Co.*, 759 P.2d 523, 528 (Alaska 1988).
[42] Docket 61.

*Precision Cranes, Inc. v. Tester Drilling Svcs., et al.* Case No. 4:18-cv-00019-JMK
Order Granting Motion for Partial Summary Judgment (Docket 61) Page 6
Case 4:18-cv-00019-JMK Document 80 Filed 11/18/20 Page 6 of 7

Inc.'s claim for Violation of Alaska's Unfair Trade Practices and Consumer Protection Act, Alaska Stat. § 45.50.472, *et seq.*, is hereby **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED this 18th day of November, 2020, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Precision Cranes, Inc. v. Tester Drilling Svcs., et al.*     Case No. 4:18-cv-00019-JMK
Order Granting Motion for Partial Summary Judgment (Docket 61)     Page 7
Case 4:18-cv-00019-JMK    Document 80    Filed 11/18/20    Page 7 of 7