IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PRECISION CRANES, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>TESTER DRILLING SERVICES, INC., TRAVELERS CASUALTY AND SURETY CO. OF AMERICA, LIBERTY MUTUAL INSURANCE COMPANY, and UNIT-ASRC CONSTRUCTION, LLC.,<br><br>    Defendants. | Case No. 4:18-cv-00019-JMK<br><br>**ORDER GRANTING<br>MOTION TO AMEND** |

    Pending before the Court is a Motion for Leave to Amend Complaint filed by Plaintiff Precision Cranes, Inc. ("Precision") against Defendants Travelers Casualty and Surety Company of America ("Travelers") and Liberty Mutual Insurance Company ("Liberty") (collectively "the Sureties").[1] For the reasons set forth below, the Motion is GRANTED.

---

[1] Docket 66.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a contract dispute based on a payment bond issued pursuant to 40 U.S.C. § 3131 *et. seq.* ("the Miller Act").[2] The facts can be summarized as follows: the United States Government contracted with Defendant Unit-ASRC Construction, LLC ("Unit"), to construct a mission control facility, the Long Range Discrimination Radar Construction Package #1 – Site Infrastructure, MCF and Substation at the Clear Air Force Station in Clear, Alaska ("the Project").[3] Unit furnished a payment bond executed by the Sureties pursuant to the Miller Act, 40 U.S.C. § 3131(b)(2).[4] The payment bond amounted to $112,949,720.[5]

On July 12, 2017, Unit executed a subcontract with Tester Drilling Services, Inc. ("TDSI"), to perform a portion of the work required under the prime contract, including: "provision of eight (8) cased wellbores on the Project site; drilling of the wellbores utilizing temporary casing; placement of permanent stainless-steel casing in the wellbores; welding of permanent casing as required; and placement of screens per specifications."[6] On July 18, 2017, TDSI executed a subcontract with Precision to provide crane services.[7] Precision's expected activities on the project included providing cranes, crane operators, a service/pickup truck, lifting hardware, and other miscellaneous appurtenances.[8]

---

[2] Docket 1.
[3] Docket 35.
[4] Docket 35-1.
[5] *Id*.
[6] *Id*.; Docket 35-2 at 2.
[7] Docket 35-8.
[8] *Id*.; Dockets 35-8 at 1; 35-4 at 7–8.

*Precision Cranes, Inc. v. Tester Drilling Svcs., et al.*　　　　　　　　　　　　　　　　Case No. 4:18-cv-00019-JMK
Order Granting Motion to Amend　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
Case 4:18-cv-00019-JMK　　Document 81　　Filed 11/18/20　　Page 2 of 8

The Sureties assert that Precision failed to provide skilled crane operators to operate the machinery with the speed necessary to meet the production rates.[9] By October 16, 2017, TDSI terminated Precision's work on the project.[10] Precision submitted multiple invoices to TDSI during the project, the most recent on November 3, 2017.[11] The invoices totaled $577,312.31.[12] Precision's invoices have not been paid.[13]

On April 23, 2018, Precision filed a complaint in the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks,[14] against TDSI and the Sureties. The complaint alleges a claim based on the payment bond, as well as breach of express contract, and violation of the Alaska Unfair Trade Practices and Consumer Protection Act.[15] The action was removed to the United States District Court for the District of Alaska on May 24, 2018.[16]

On June 2, 2020, Defendants filed a motion for partial summary judgment asserting that Precision's claim for Violation of Alaska's Unfair Trade Practices and Consumer Protection Act ("UTPCPA"), Alaska Stat. § 45.50.471, *et seq.*, is statutorily barred and must be dismissed.[17] On July 8, 2020, Precision filed a non-opposition to Defendants' motion.[18]

---

[9] Docket 36 at 9.
[10] Docket 35-16.
[11] Docket 35-17.
[12] *Id.*; Docket 35 at 7.
[13] Docket 35-4 at 9.
[14] Docket 1-1.
[15] *Id.*
[16] Docket 1.
[17] Docket 61.
[18] Docket 65.

*Precision Cranes, Inc. v. Tester Drilling Svcs., et al.*     Case No. 4:18-cv-00019-JMK
Order Granting Motion to Amend     Page 3
Case 4:18-cv-00019-JMK    Document 81    Filed 11/18/20    Page 3 of 8

On July 17, 2020, Precision filed the instant motion.[19] The Sureties filed an opposition on July 31, 2020, and Precision responded on August 6, 2020.[20]

## II. LEGAL STANDARD

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires . . . ' If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[21] When there is no apparent reason to the contrary, the leave sought should be freely given.[22] The District Court holds the discretion to deny or grant leave to amend, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion, but an abuse of discretion, and "inconsistent with the spirit of the Federal Rules."[23]

"Although the rule should be interpreted with 'extreme liberality, ' . . . leave to amend is not to be granted automatically. A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit."[24] "Not all of the factors merit equal weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the greatest weight."[25]

---

[19] Docket 66.
[20] Dockets 69; 71.
[21] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[22] *Id*.
[23] *Id*.
[24] *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citations omitted).
[25] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

*Precision Cranes, Inc. v. Tester Drilling Svcs., et al.*     Case No. 4:18-cv-00019-JMK
Order Granting Motion to Amend     Page 4
Case 4:18-cv-00019-JMK    Document 81    Filed 11/18/20    Page 4 of 8

## III. ANALYSIS

Precision seeks to amend the complaint pursuant to Fed. R. Civ. P. 16(b) and 15(a).[26] Precision is seeking to add an additional cause of action for breach of the implied covenant of good faith and fair dealing in the performance, and payment of bonds in accordance with Alaska law and the Miller Act that is similar to Count Three of its Complaint.[27] The Sureties assert that the motion should be denied because Precision failed to first seek an amendment to the scheduling order, good cause does not exist, the amendment would cause undue delay, and the amendment would prejudice the Sureties.[28] The Sureties also assert that the statute of limitations has run on Precision's claim.[29]

According to the scheduling order, "[m]otions to amend pleadings, including motions to add parties, shall be served and filed on or before July 15, 2019. Thereafter, a party must seek leave of the Court to modify this deadline."[30] A party seeking to amend the scheduling order must show good cause and obtain the judge's consent.[31] If good cause is shown, then the party must demonstrate that amendment was proper under Rule 15.[32] "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . the focus of the inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end."[33] "The good

---

[26] Docket 66 at 1.
[27] *Id.* at 1–2.
[28] Docket 69.
[29] *Id.*
[30] Docket 32 at 3.
[31] Fed. R. Civ. P. 16.
[32] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).
[33] *Id.* at 609.

*Precision Cranes, Inc. v. Tester Drilling Svcs., et al.*                                                                          Case No. 4:18-cv-00019-JMK
Order Granting Motion to Amend                                                                                                                Page 5

Case 4:18-cv-00019-JMK    Document 81    Filed 11/18/20    Page 5 of 8

cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action."[34]

In the complaint, Precision included a claim based on the Alaska Unfair Trade Practices and Consumer Protection Act ("UTPCPA").[35] Both parties have conceded that the UTPCPA claim and the proposed breach of the implied covenant of good faith and fair dealing claims are similar.[36] The Sureties moved for summary judgment on the UTPCPA claim on June 2, 2020, and Precision filed its non-opposition to the motion on July 8, 2020.[37] Precision then filed the instant motion on July 17, 2020.[38] Based on these dates, it appears Precision took relatively swift action to address its encumbrances. Further, at the time of the instant motion's filing, this Court had not yet addressed the Sureties' summary judgment motion, meaning the Sureties always have had notice that addressing these claims might be necessary. Precision's diligence has thus been established.

Since good cause has been established, Precision must show that the amendment is proper under Fed. R. Civ. P. 15. Rule 15 boasts a liberal amendment policy.[39] Pursuant to Rule 15(a), leave to amend should be granted as a matter of course

---

[34] *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).
[35] Docket 1-1 at 6.
[36] Docket 67 at 5 ("The proposed amendments to the complaint are to replace the UTPA claim with a cause of action for violation of the implied covenant of good faith and fair dealing."); Docket 69 at 5 ("Precision's motion to amend its complaint also concedes, as it must, that the bad faith claim is based on the same actions known to it and pled in the original Complaint. At its core, Precision is simply attempting to rectify its improper initial filing of its UTPCPA claim by repackaging the same allegations as a claim for bad faith. . . .").
[37] Dockets 61; 65.
[38] Docket 66.
[39] *Johnson,* 975 F.2d at 607.

*Precision Cranes, Inc. v. Tester Drilling Svcs., et al.*      Case No. 4:18-cv-00019-JMK
Order Granting Motion to Amend      Page 6
Case 4:18-cv-00019-JMK    Document 81    Filed 11/18/20    Page 6 of 8

until the defendant files a responsive pleading.[40] Then, leave to amend should be granted unless an amendment would cause prejudice, is sought in bad faith, is futile, or creates undue delay."[41]

The Sureties assert that the amendment would cause prejudice and undue delay.[42] This Court disagrees. Since the operative facts of the original UTPCPA and the proposed bad faith and fair dealing claims are similar, as both parties point out, the Sureties would not be prejudiced by the amendment since there would have been fair notice of the claims. Further, the undue delay that the Sureties anticipate would be slight in comparison to the delay already in place due to the pandemic.

Lastly, the Sureties' assertion that the two-year statute of limitations has expired is meritless. As the Sureties point out, "by Precision's own admission, it knew of the facts relating to its bad faith claim at the time it filed its complaint in 2018."[43] As noted above, Precision attempted to address the claims at that time, and the claims relate back to the date the complaint was filed. Precision's non-opposition to the Sureties' summary judgment motion does not impact the determination because the Court had not yet rendered a decision on the summary judgment motion—a power that remains with the Court and not with the Sureties, even despite Precision's non-opposition.[44]

---

[40] *Id.*
[41] *Id.*
[42] Docket 69 at 10.
[43] *Id.* at 13.
[44] *Lopez-Gomez v. Sessions*, 693 F. App'x 729, 731 (9th Cir. 2017) ("Even when a motion for summary judgment is unopposed, as here, the moving party retains its burden to demonstrate the absence of any issue of material fact. . . . Trial courts resolving unopposed summary judgment motions have an obligation to evaluate independently the sufficiency of the moving papers.").

*Precision Cranes, Inc. v. Tester Drilling Svcs., et al.*        Case No. 4:18-cv-00019-JMK
Order Granting Motion to Amend        Page 7
Case 4:18-cv-00019-JMK    Document 81    Filed 11/18/20    Page 7 of 8

Considering the liberal amendment policy of Rule 15, this Court sees no significant reason to deny Precision leave to amend the complaint.

## IV. CONCLUSION

For the reasons set forth above, the Motion for Leave to Amend Complaint filed by Plaintiff Precision Cranes, Inc. is **GRANTED**. Plaintiff shall file its amended complaint as soon as is practicable.

IT IS SO ORDERED this 18th day of November, 2020, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Precision Cranes, Inc. v. Tester Drilling Svcs., et al.*     Case No. 4:18-cv-00019-JMK
Order Granting Motion to Amend     Page 8
Case 4:18-cv-00019-JMK   Document 81   Filed 11/18/20   Page 8 of 8