Brent R. Cole
Law Office of Brent R. Cole, P.C.
821 N Street, Suite 208
Anchorage, AK 99501
(907) 277-8001
info@akcolelaw.com
brent@akcolelaw.com

Attorneys for Precision Cranes, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of PRECISION CRANES, INC., an Alaska corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TESTER DRILLING SERVICES, INC., an Alaska corporation; TRAVELERS CASUALTY AND SURETY CO. OF AMERICA, a Connecticut corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation (Bond #106721293)<br><br>Defendant. | Case No.: 4:18-cv-00019-JMK |

## **AMENDED COMPLAINT**

Plaintiff United States of America for the use and benefit of Precision Cranes, Inc., ("Precision") by and through counsel of record and for its Complaint against Tester Drilling Services, Inc. ("Tester"), Travelers Casualty and Surety Co. of America ("Travelers"), and Liberty Mutual Insurance Company ("Liberty"), alleges, states, and claims as follows:

First Amended Complaint
*Precision Cranes, Inc. v. Tester Drilling Services, Inc. et al.*: 4:18-cv-00019-JMK
Page 1 of 9

Case 4:18-cv-00019-JMK   Document 82   Filed 11/25/20   Page 1 of 9

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff United States of America is a party to this action pursuant to the requirements of 40 U.S.C. § 3133 (b)(3)(A).

2. Plaintiff Precision Cranes, Inc., is an Alaska corporation with its principal place of business in North Pole, Alaska, in good standing, having paid all taxes and filed all reports which are prerequisite to its right to bring this action.

3. Tester Drilling Services, Inc., is an Alaska corporation with its principal place of business in Anchorage, Alaska.

4. On information and belief, Defendant Travelers Casualty and Surety Co. of America is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

5. On information and belief, Defendant Liberty Mutual Insurance Company is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

6. Upon removal from state court by Unit, Travelers, and Liberty pursuant to 28 U.S.C. § 1446(a), this court has jurisdiction.

7. Venue is appropriate in in accordance with 28 U.S.C. § 1446(b)(3) in Fairbanks, Alaska.

## II. STATEMENT OF FACTS

8. Precision hereby re-alleges the allegations made in paragraphs 1-7 above and further states and alleges as follows.

9. The United States of America ("Government") and Unit-ASRC Construction, LLC, ("Unit") entered into a contract (the "Prime Contract") for the

First Amended Complaint
*Precision Cranes, Inc. v. Tester Drilling Services, Inc. et al.; 4:18-cv-00019-JMK*
Page 2 of 9

Case 4:18-cv-00019-JMK   Document 82   Filed 11/25/20   Page 2 of 9

construction of the Long-Range Discrimination Radar Construction Package No. 1, Mission Control Facility (the "Project") at Clear Air Force Base, Alaska.

10. On or about May 2, 2017, Unit, as prime contractor, and Travelers and Liberty, as sureties, executed Payment Bond No. 106721293 guaranteeing full payment to persons or entities that supplied labor and/or materials in connection with the Project. The penal sum of the bond is $112,949,720. A true and accurate copy of the payment bond is attached as **EXHIBIT 1**.

11. On or about July 7, 2017, Unit entered into a subcontract with Tester whereby Tester agreed to conduct drilling work under the Prime Contract.

12. In order to perform its duties under the subcontract with Unit, Tester hired Precision. Tester entered into a subcontract (Subcontract No. TDSI-165302) with Precision whereby Precision agreed to provide crane services to support the installation of eight 36"X300' deep water wells. A true and correct copy of Tester's subcontract with Precision is attached as **EXHIBIT 2**.

13. From July 28, 2017, through October 18, 2017, Precision provided equipment, labor, services, and materials pursuant to the Subcontract with Tester.

14. Precision presented Tester on repeated occasions amounts owed under the Subcontract and Tester has not paid any amounts owed under the Subcontract.

15. On or about December 1, 2017, Precision provided notice to Unit, Travelers, and Liberty for the unpaid amounts owed by Tester.

First Amended Complaint
*Precision Cranes, Inc. v. Tester Drilling Services, Inc. et al.; 4:18-cv-00019-JMK*
Page 3 of 9

Case 4:18-cv-00019-JMK   Document 82   Filed 11/25/20   Page 3 of 9

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

16. Precision was contacted by Travelers and later provided documentation to support its claim for unpaid services under the Subcontract.

17. Travelers and Liberty denied without substantive investigation Precision's claim stating that "[i]t appears that the labor and materials furnished by Precision did not advance construction of the project covered by the bond[.]" A true and correct copy of the denial letter from Travelers is attached as **EXHIBIT 3**.

18. Precision incurred damages in an amount not less than $575,827.31 for equipment, materials, labor and services provided to Tester including the rental, mobilization, and demobilization of two cranes, crew, and service truck.

19. Precision has made repeated demands for payment from Tester for the damages described in Paragraph eighteen (18) above. Tester has failed to adequately respond to Precision's demands.

### III. CAUSES OF ACTION

#### COUNT I
#### PAYMENT BOND CLAIM

20. Precision re-alleges and fully incorporates the statements made in Paragraphs 1 through 19 and further states and alleges as follows:

21. The project for which Precision provided labor and materials is a federal construction contract, which required Unit to furnish a payment bond pursuant to 40 U.S.C. § 3131 *et seq.* (the "Miller Act").

22. More than 90 days, but less than one year, has elapsed since Precision last performed work on the Project.

First Amended Complaint
*Precision Cranes, Inc. v. Tester Drilling Services, Inc. et al.*: 4:18-cv-00019-JMK
Page 4 of 9

Case 4:18-cv-00019-JMK   Document 82   Filed 11/25/20   Page 4 of 9

23. Precision presented Unit, Travelers, and Liberty with notice of its claim within the period of time required by 40 U.S.C. §§ 3133(b)(2).

24. Travelers and Liberty have denied Precision's claim against the bond.

25. Despite Precision's demands, neither Tester, Travelers, nor Liberty have paid the amounts owed Precision under its Subcontract.

26. In accordance with the terms of the payment bond and the Miller Act at 40 U.S.C. §§ 3131, *et. seq*, Travelers and Liberty are liable to Precision for the principal sum not less than $$575,827.31 representing unpaid amounts Precision is owed by Tester. Precision is entitled to recovery against the bond.

## COUNT II
## BREACH OF EXPRESS CONTRACT

27. Precision re-alleges and fully incorporates the statements made in Paragraphs 1 through 26 above and further states and alleges as follows:

28. Precision and Tester entered into a subcontract under which Precision agreed to supply certain equipment, labor, materials and services for the Project and Tester agreed to pay Precision for that work.

29. Precision supplied the equipment, labor, materials, and services required by Precision's subcontract with Tester, which equipment, labor, materials, and services were accepted by Tester and incorporated into the Project, but Tester has failed to pay Precision in full for the equipment, labor, materials, and services performed.

30. Tester's failure and/or refusal to pay Precision in full, constitutes a breach of the parties' subcontract.

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

First Amended Complaint
*Precision Cranes, Inc. v. Tester Drilling Services, Inc., et al.*; 4:18-cv-00019-JMK
Page 5 of 9
Case 4:18-cv-00019-JMK   Document 82   Filed 11/25/20   Page 5 of 9

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

31. As a direct and proximate result of the breach, Precision has incurred damages plus interest more than $100,000 in an amount to be proven at trial.

## COUNT III
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

32. Precision re-alleges and fully incorporates the statements made in Paragraphs 1-31 above and further states and alleges as follows:

33. All contracts in Alaska have an implied covenant of good faith and fair dealing.

34. The Miller Act required Unit to furnish a payment bond for the protection of all persons, including Precision, supplying labor and material in carrying out the work provided for in the prime contract with the Government. UNIT furnished a payment bond executed by the sureties Travelers and Liberty.

35. Precision was an intended third-party beneficiary of the payment bond executed by the sureties Travelers and Liberty.

36. By agreeing to execute a payment bond and act as sureties on the Project, Travelers and Liberty owed a duty of good faith and fair dealing to Precision.

37. Travelers and Liberty owed Precision a duty to act reasonably in response to Precision's payment bond claim.

38. Travelers and Liberty had a duty under state and federal law to perform an independent investigation of Precision's payment bond claim.

First Amended Complaint
*Precision Cranes, Inc. v. Tester Drilling Services, Inc. et al.; 4:18-cv-00019-JMK*
Page 6 of 9

Case 4:18-cv-00019-JMK   Document 82   Filed 11/25/20   Page 6 of 9

39. Travelers and Liberty breached the duty of good faith and fair dealing owed to Precision by failing to act reasonably in response to Precision's payment bond claim, by failing to perform an independent investigation of Precision's payment bond claim, by relying without question on Unit's position that payment was not due because "it appears that the labor and materials furnished by Precision did not advance construction of the project covered by the bond", by failing to maintain a diary to manage the claim process, by failing to note the information Unit provided to them was false and, instead, relied on it to deny the claim, by failing to request documentation from sources other than Unit, and by failing to leverage internal resources to investigate the false legal theory being proffered by Unit.

40. Travelers and Liberty breached the duty of good faith and fair dealing owed to Precision by denying Precision's payment bond claim without reasonable basis.

41. Travelers' and Liberty's breaches of the duty of good faith and fair dealing caused Precision to suffer damages in excess of $100,000.

42. Traveler's and Liberty's failure to properly investigate Precision's Miller Act claim, and instead summarily denying the claim without meaningful investigation and with bad faith motive, was a willful and/or reckless dereliction of their duties under the Miller Act and its payment bond, and outrageous conduct entitling Precision to punitive damages.

First Amended Complaint
*Precision Cranes, Inc. v. Tester Drilling Services, Inc. et al.; 4:18-cv-00019-JMK*
Page 7 of 9

Case 4:18-cv-00019-JMK   Document 82   Filed 11/25/20   Page 7 of 9

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

# IV. PRAYER FOR RELIEF

Wherefore, having fully alleged its claim herein, Precision respectfully prays for the following relief:

1. For judgment against Tester and in favor of Precision;

2. For an award of damages for Precision against Tester in excess of $100,000, the exact amounts to be proven at trial;

3. For reasonable attorneys' fees against Tester as allowed by the applicable rules and regulations, statutes, civil rules, and the parties' subcontract;

4. For a judgment against Travelers and Liberty and in favor of Precision.

5. For an award of damages against Travelers and Liberty as sureties on the bond in excess of $100,000 the exact amount to be proven at trial;

6. For an award of punitive damages against Travelers and Liberty as sureties for reckless and willful failure to comply with their lawful duties under law;

7. For pre- and post-judgment interest as allowed by the applicable statutes and civil rules;

8. For costs as allowed by the applicable statutes and civil rules; and

9. For all such other and further relief as the Court deems just and equitable.

DATED this _____ day of November, 2020, at Anchorage, Alaska.

                                      LAW OFFICE OF BRENT R. COLE, P.C.
                                      Attorneys for Precision Crane, Inc.

                                By: _____s/ Brent R. Cole_____
                                        Brent R. Cole
                                        AK State Bar No. 8606074

LAW OFFICE OF BRENT R. COLE, P.C.
821 N Street, Suite 208
Anchorage, Alaska 99501
(907) 277-8001
(907) 277-8002 fax

First Amended Complaint
*Precision Cranes, Inc. v. Tester Drilling Services, Inc. et al.*; 4:18-cv-00019-JMK
Page 8 of 9

Case 4:18-cv-00019-JMK   Document 82   Filed 11/25/20   Page 8 of 9

**CERTIFICATE OF SERVICE**

This is to certify that on this ___ day of November, 2020, a copy of the foregoing document was served electronically on the following party:

Travelers Casualty and Surety Co. of America and
Liberty Mutual Insurance Company
Ceslie A. Blass
Carney Badley Spellman, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
(206) 622-8020
blass@carneylaw.com

Matthew T. Findley
Ashburn & Mason, P.C.
1227 West Ninth Avenue, Suite 200
Anchorage, Alaska 99501
Phone: 907-276-4331
matt@anchorlaw.com

Unit-ASRC
Michael C. Geraghty, ABA 7811097
Craig Rusk Pro Hac Vice
Oles Morrison Rinker & Baker LLP
601 West Fifth Avenue, Suite 900
Anchorage, Alaska 99501-2154
Ph: (907) 258-0106
Fax: (907) 258-5519
Email: Geraghty@OLES.com
Email: Rusk@OLES.com

Tester Drilling Services, Inc.
David M. Freeman, ABA 7808066
Holmes Weddle & Barcott, P.C.
701 West 8th Avenue, Suite 700
Anchorage, Alaska 99501
Ph: (907) 274-0666
Fax: (907) 277-4657
Email: dfreeman@hwb-law.com


By       s/ Brent R. Cole

First Amended Complaint
*Precision Cranes, Inc. v. Tester Drilling Services, Inc. et al.; 4:18-cv-00019-JMK*
Page 9 of 9